UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                              :
                                                                    :
BERNARD L. MADOFF INVESTMENT                                        :
SECURITIES LLC,                                                     :
                                                                    :
                     Debtor.                                     :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IRVING H. PICARD, Trustee for the                                   :
Liquidation of Bernard L. Madoff Investment                         :
Securities LLC,                                                     :
                                                                    :
                     Plaintiff,                                  :    11-cv-7330 (UA)
                                                                    :    ECF Case
       - against -                                                 :    Electronically Filed
                                                                    :
TREMONT GROUP HOLDINGS, INC., et al.,                               :
                                                                    :
                     Defendants.                                 :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF THE TREMONT DEFENDANTS'/APPELLEES' MOTION TO DISMISS THE APPEAL

                                                                    Seth M. Schwartz
                                                                    Jason C. Vigna
                                                                    SKADDEN, ARPS, SLATE,
                                                                      MEAGHER & FLOM LLP
                                                                    Four Times Square
                                                                    New York, New York 10036
                                                                    (212) 735-3000

                                                                    Attorneys for Defendants/Appellees
                                                                     Tremont Group Holdings, Inc.,
                                                                     Tremont Partners, Inc.,
                                                                     Tremont (Bermuda) Limited
                                                                     and Robert I. Schulman

The Tremont Defendants/Appellees[1] ("Tremont") respectfully submit this memorandum of law in support of their motion to dismiss this appeal (the "Appeal") from the order of the bankruptcy court approving the settlement (the "Settlement") of this adversary proceeding (the "Adversary Proceeding").  Appellants are objectors to the Settlement whose objections were overruled by Judge Lifland.  Appellants seek to press their objections on appeal but lack standing to do so because they are not directly affected by the Settlement.  Consequently, the Appeal should be dismissed.

**Preliminary Statement**

The Adversary Proceeding was filed in connection with the pending liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), the broker-dealer run by Bernard Madoff.  Various hedge funds (the "Funds") managed by Tremont had customer accounts with BLMIS, which was supposed to invest the Funds' assets in accordance with a defined investment strategy.  As the world now knows, Madoff stole those assets, saddling the Funds with more than $2 billion of net losses.

To recover the losses, a number of the Funds filed proofs of claim in the BLMIS liquidation proceedings before Judge Lifland.  Irving Picard, the trustee appointed to oversee the liquidation (the "Trustee"), subsequently commenced the Adversary Proceeding and sought to "claw back" approximately $2 billion in cash purportedly transferred from BLMIS to the Funds.

The parties to the Adversary Proceeding have settled their dispute pursuant to an agreement providing for the payment of $1 billion to the estate of BLMIS by certain of the Funds.  In exchange, the Trustee and the bankruptcy court will allow three of the Funds' customer claims against the estate, which total approximately $3 billion, thereby enabling many of the Funds'

---

[1]   The Tremont Defendants/Appellees are Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited and Robert I. Schulman.

1

investors potentially to recover a substantial portion of the amounts stolen by Madoff.

On September 22, 2011, the bankruptcy court entered a memorandum and order approving the Settlement, finding it in the best interests of the BLMIS estate. The bankruptcy court also overruled appellants' objections, holding that appellants lacked standing to assert them. As explained by the court, appellants are not customers or creditors of the estate and therefore are not "parties-in-interest," a prerequisite for standing under the Bankruptcy Code.[2] As shown below, because the bankruptcy court correctly ruled that appellants lacked standing to object to the Settlement, it necessarily follows, as a matter of law, that appellants lack standing to press their objections before this Court, warranting dismissal of this Appeal.

## BACKGROUND

On December 7, 2010, the Trustee commenced the Adversary Proceeding to avoid and recover approximately $2.1 billion in prepetition transfers allegedly made by BLMIS to the Funds. (See generally Dkt. No. 2, Item 1.) The lawsuit was expected, as the parties had been trying to resolve their differences through arm's length negotiations and the voluntary exchange of information for almost two years before the Trustee filed suit. The parties continued to negotiate after commencement of litigation, culminating in the Settlement of all of the Trustee's claims against Tremont, the Funds and various entities and individuals affiliated with Tremont.

The Trustee submitted the Settlement to the bankruptcy court for approval and appellants filed their objections with the court. Appellants are not parties to the Settlement or the Adversary Proceeding, nor are they customers or creditors of BLMIS. Rather, they are investors in one of the Funds, the Prime Fund, which is a BLMIS customer.[3] The Prime Fund, however,

---

[2]   In the alternative, the bankruptcy court overruled the objections on the merits on the ground that appellants failed to establish that the Settlement is not in the best interests of the BLMIS estate.

[3]   The full name of the Prime Fund is Rye Select Broad Market Prime Fund, L.P.

was determined by the Trustee to have no allowable customer claim against the BLMIS estate because under the "net equity" method approved by the bankruptcy court and the Second Circuit for determining customer claims, the Prime Fund is a "net winner," having withdrawn more from BLMIS than it invested with the firm.  See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC), --- F. 3d ----, 2011 WL 3568936 (2d Cir. Aug. 16, 2011).  Nevertheless, appellants objected to the Settlement, claiming it is unfair to them because the Prime Fund, as a net winner, has no allowable customer claim and thus will receive no distributions from the BLMIS estate pursuant to the Settlement.

On September 22, 2011, the bankruptcy court entered an order approving the Settlement and overruling appellants' objections.  The court concluded that the Settlement is in the best interests of the BLMIS estate because it "represents a complete, good faith compromise of the Trustee's claims, is above the lowest rung of reasonableness, and in fact offers significant value to the BLMIS estate for the distribution to victims of the Madoff Ponzi scheme."  (Dkt. No. 2, Item 18 at 2.)  The bankruptcy court also found that appellants lacked standing to object to the Settlement on the ground that they are neither customers nor creditors of BLMIS, but rather, "investors in Funds that are direct customers of BLMIS; at best, they are creditors of BLMIS's creditors.  Therefore, as a threshold matter, the [appellants] are 'not directly and adversely affected pecuniarily . . . because they do not hold a direct interest in the Debtor [BLMIS],' and lack standing to object to the Trustee's Motion [to approve the Settlement]."  (Dkt. No. 2, Item 18 at 3 (citing In re Refco Inc., No. 05-60006, 2006 WL 3409088, at *2, 6 (S.D.N.Y. Nov. 16, 2006)).)

## ARGUMENT

**I.    GOVERNING STANDARDS**

Standing to appeal is a threshold issue appropriately raised by means of a motion to dismiss.  See In re Salant Corp., 176 B.R. 131 (S.D.N.Y. 1994) (dismissing appeal from

3

bankruptcy court for lack of standing); Tornheim v. United States Trustee (In re Tornheim), 95 Civ. 8474, 1996 WL 79333 (S.D.N.Y. Feb. 23, 1996) (same).  Indeed, as the Second Circuit Court of Appeals has held, in the absence of standing, the court should dismiss the appeal without addressing any other issues.  See, e.g., Schiavone v. United States (In re Apportionment of Indep. Counsel), 766 F.2d 70, 75 (2d Cir. 1985).

To appeal a ruling of a bankruptcy court, "an appellant must be 'a person aggrieved[.]'"  In re Victory Markets, Inc., 195 B.R. 9, 15 (N.D.N.Y. 1996) (citation omitted); see also In re Ashford Hotels, Ltd., 235 B.R. 734, 738 (S.D.N.Y. 1999).  And to be "aggrieved," the appellant must be "directly and adversely affected pecuniarily by the challenged ruling of the bankruptcy court."  In re Refco Inc., No. 05-60006, 2006 WL 3409088, at *4 (S.D.N.Y. Nov. 16, 2006), aff'd, 505 F.3d 109 (2d Cir. 2007) (citations omitted).  The "person aggrieved" test is more exacting than the "party in interest" requirement for standing in bankruptcy court under Section 1109(b) of the Bankruptcy Code, although "party-in-interest standing is a necessary precondition for there to be appellate standing[.]"[4]  In re Refco Inc., 505 F.3d 109, 120 (2d Cir. 2007); see also In re Salant Corp., 176 B.R. at 134 ("Merely being a party in interest is insufficient to confer appellate standing."); In re Victory Markets, 195 B.R. at 15 (same).  These standing requirements address "'the understandable concern that if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order.'"  In re Refco, 2006 WL 3409088, at *4 (citation omitted).

---

[4]  The "person aggrieved" standard also is significantly more restrictive than the "case or controversy" standing requirement of Article III of the U.S. Constitution.  See In re Victory Markets, 195 B.R. at 9, 15 ("In contrast to Article III's 'injury in fact' test, the financial injury requirement makes it more difficult to secure appellate standing in bankruptcy cases than in other kinds of civil actions."); see also In re Coho Energy Inc., 395 F.3d 198, 202-03 (5th Cir. 2004); Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-18 (1st Cir. 2001).

## II. APPELLANTS LACK STANDING TO APPEAL BECAUSE THEY WERE NOT PARTIES IN INTEREST WITH STANDING TO OBJECT TO THE SETTLEMENT IN THE BANKRUPTCY COURT

The Appeal should be dismissed because appellants are not "part[ies] in interest" as defined in Section 1109(b) of the Bankruptcy Code. A "party in interest" is "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."[5] 11 U.S.C. § 1109(b). Appellants fall within none of the foregoing categories. Rather, at most, they are creditors of one of the debtor's creditors (the Prime Fund) and therefore lack standing to object to the Settlement of the Adversary Proceeding. See In re Refco, 2006 WL 3409088, at *6 ("The Bankruptcy Court properly declined to consider Appellants' objections because creditors of a debtor, not a 'creditor of a debtor's creditor,' could properly raise objections to the Settlement." (citation omitted) (collecting cases)); accord In re Ionosphere Clubs, Inc., 101 B.R. 844, 850-51 (Bankr. S.D.N.Y. 1989); Southern Blvd., Inc. v. Martin Paint Stores, 207 B.R. 57, 61 (S.D.N.Y. 1997) (holding that concept of "party in interest" under Section 1109 of the Bankruptcy Code does not "encompass a creditor of one of the debtor's creditors").

In Refco, on substantially similar facts, the Second Circuit affirmed a decision overruling settlement objections where, as here, they were asserted *not* by creditors of the debtor, but rather, by investors in an investment company that was a creditor. In that case, after the investment company (Sphinx) agreed to settle an avoidance claim asserted against it by a debtor's creditors' committee, various investors in Sphinx (the "Investors") objected to the settlement, arguing that it was unfair to them. The bankruptcy court overruled the objections, and the Second Circuit affirmed, agreeing that the objectors lacked standing:

---

[5] An "equity security holder" as used in this context is, indisputably, a debtor's equity security holder. See 11 U.S.C. § 101(17) ("The term 'equity security holder' means holder of an equity security of the debtor.").

5

> The record establishes that Sphinx is a single legal entity . . . . By investing in Sphinx, Investors placed control of their funds entirely within the hands of the Sphinx directors (or managers acting on behalf of the directors). Only Sphinx, not individual Investors, or even Investors as a group, could assert a claim against the Refco estate, and only Sphinx was permitted to negotiate a settlement with the Committee. Investors maintain a financial "interest" in Sphinx, but they are not a "party in interest" within the meaning of the Bankruptcy Code. The party in interest in the bankruptcy sense, representing the Investors' financial interest, is Sphinx.

In re Refco, 507 F.3d at 117.

As Refco establishes, appellants plainly lacked standing to object to the Settlement in the Adversary Proceeding. Indeed, they admittedly are investors in the Prime Fund with no direct claim against the BLMIS estate. (See, e.g., Dkt. No. 2, Item 10 at 5-6.) It therefore necessarily follows that they lack standing to appeal the bankruptcy court's order before this Court. See In re Refco Inc., 505 F.3d at 120 ("party-in-interest" standing "is a necessary precondition for . . . appellate standing"); see also Seacoast Nat'l Bank v. Jordyn Holdings IV, LLC, 392 B.R. 876, 881 (M.D. Fla. 2008) ("The Court further finds that since Appellant has no standing to object to the compromise, Appellant has no standing to appeal."). The Appeal should be dismissed for this reason alone.

### III. APPELLANTS LACK APPELLATE STANDING BECAUSE THEY ARE NOT "PERSONS AGGRIEVED" BY THE BANKRUPTCY COURT'S ORDER

The Appeal also should be dismissed because appellants are not "persons aggrieved" by the bankruptcy court's order in that they are not parties "directly and adversely affected pecuniarily" by the ruling. In re Refco, 2006 WL 3409088, at *4.

Because appellants are not themselves customers or creditors of the BLMIS estate, they have no direct pecuniary interest in the distribution of estate property – or any decision by the bankruptcy court regarding any distribution. See In re Refco, 2006 WL 3409088, at *4-5 (holding that similarly-situated appellant lacked standing). Indeed, appellants' "interest" is particularly

attenuated given that the Fund in which they invested – the Prime Fund – has no direct pecuniary interest in the property of the BLMIS estate because it was determined to be a "net winner" with no viable customer claim in the BLMIS liquidation proceedings.[6]  Accordingly, appellants are not "persons aggrieved" by the bankruptcy court's order approving the Settlement and therefore lack standing to appeal.

## CONCLUSION

For the foregoing reasons, Tremont respectfully submits that its motion to dismiss the Appeal should be granted.

Dated:  New York, New York
        October 20, 2011

Respectfully submitted,

/s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants/Appellees
  Tremont Group Holdings, Inc.,
  Tremont Partners, Inc.,
  Tremont (Bermuda) Limited
  and Robert I. Schulman

---

[6]  Moreover, "a party to a consent judgment" such as the Prime Fund is "deemed to waive any objections it has to matters within the scope of the judgment." In re Refco, 505 F.3d at 120; see also Priest v. Comm'r of Internal Revenue, 173 F.3d 845 (table), 1999 WL 236900, at *1 (2d Cir. Apr. 15, 1999). Thus, even if an objector otherwise would have derivative standing to object on behalf of a "person aggrieved" by a court-approved settlement, no such standing would exist here, where appellants effectively would be objecting on behalf of one of the *parties* to the Settlement – the Prime Fund.