UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Debtor. | SIPA LIQUIDATION <br><br> No. 08-01789 (BRL) <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 10-05310 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> TREMONT GROUP HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 11-cv-7330 (GBD) <br> ECF Case <br> Electronically Filed |

**PLAINTIFF/APPELLEE TRUSTEE'S JOINDER IN THE TREMONT DEFENDANTS'/APPELLEES' MOTION TO DISMISS THE APPEAL**

Plaintiff/Appellee Irving H. Picard, as trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff, by and through his undersigned counsel, hereby joins and incorporates by reference the Memorandum of Law in Support of the Tremont Defendants/Appellees' Motion to Dismiss the Appeal, filed by Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited and Robert I. Schulman on October 20, 2011 (the "Tremont Motion").

The Appellants in this appeal challenge the Bankruptcy Court's order approving an agreement (the "Settlement Agreement") by and between the Trustee and a number of defendants (the "Tremont Defendants") in an adversary proceeding that had been filed in the Bankruptcy Court as part of the BLMIS liquidation proceedings. For all of the reasons set forth in the Tremont Motion, the Appeal should be dismissed for lack of standing.

Appellants, who are investors in funds managed and overseen by the Tremont Defendants, seek to undo the Settlement Agreement—reached at arm's length between the parties and approved by the Bankruptcy Court—that will benefit the BLMIS estate and its customers by payment of $1.025 billion by the Tremont Defendants. The Settlement Agreement also benefits the Tremont Defendants and a large number of their investors in that nearly $3 billion in BLMIS customer claims belonging to three of the Tremont managed funds will be allowed as part of the BLMIS proceeding.

Appellants are neither BLMIS customers nor aggrieved parties of the BLMIS estate who may legitimately appeal the approval of that Settlement Agreement. As stated in the Tremont Motion, Appellants are not "parties in interest" under 11 U.S.C. § 1109(b) and do not have standing to object to the Settlement Agreement. They are not customers or creditors of BLMIS.

Instead, as noted by the Bankruptcy Court, they are "investors in Funds that are direct customers of BLMIS; at best, they are creditors of BLMIS's creditors. Therefore, as a threshold matter, the [Appellants] are 'not directly and adversely affected pecuniarily . . . because they do not hold a direct interest in the Debtor [BLMIS],' and lack standing to object to the Trustee's Motion [to approve the Settlement]." (Dkt. No. 2, Item 18 at 3 (citing *In re Refco Inc.*, No. 05 60006, 2006 WL 3409088, at *2, 6 (S.D.N.Y. Nov. 16, 2006)).)  Similarly, Appellants do not have standing to appeal because they are not "aggrieved" parties.  *See In re Refco*, 2006 WL 3409088, at *4; *see also In re Gucci*, 126 F.3d 380, 388 (2d Cir.1998) ("The stringency of our rule is rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters.") (quoted by *In re Refco*, at *4).

    Importantly, despite notice having been sent to more than 16,000 potentially interested parties, no BLMIS customers or defendants in the within action—the parties who actually have standing—objected to the Settlement Agreement.[1]  Indeed, those who had standing understood the great benefits of the Settlement Agreement in: (1) enhancing the Fund of Customer Property by $1.025 billion and (2) in the allowance of certain customer claims of the Tremont Defendant funds that were BLMIS customers and lost large amounts in Madoff's Ponzi scheme.  In short, the only impediment to the implementation of a settlement that will greatly benefit BLMIS customers is a small group of Tremont investors who have no standing to object in the first

---

[1] The Bankruptcy Court received only one other objection to the settlement from other similar indirect investors in funds managed by the Tremont Defendants.  Those objectors, who appeared at the Rule 9019 hearing before the Bankruptcy Court, did not file an appeal.  Appellants, who failed to appear at the Rule 9019 hearing, have filed the only appeal to the Bankruptcy Court's Order approving the Settlement Agreement.

3

instance and who filed an appeal despite not even attending the Rule 9019 fairness hearing before the Bankruptcy Court.

Any delay caused by Appellants' frivolous appeal only harms the victims of Madoff's fraud.  This Court should summarily dismiss this appeal and permit the Settlement Agreement to be implemented.

Respectfully Submitted,

s/ David J. Sheehan
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc D. Powers
mpowers@bakerlaw.com
Eric R. Fish
efish@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Of Counsel

Thomas L. Long
Baker & Hostetler LLP
65 East State Street
Columbus, Ohio 43215
Telephone (614) 228-1541
Facsimile (614) 462-2616