UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor.<br><br>IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>Defendants. | <br><br><br><br><br><br><br><br>11-cv-07330-GBD<br>ECF CASE |

**PRIME FUND APPELLANTS' OPPOSITION TO THE TREMONT DEFENDANTS'/APPELLEES' MOTION TO DISMISS THE APPEAL**

KEVIN M. HARR, ESQ.
406 Broadway Street #380H
Santa Monica, California 90210
Telephone: (323) 877-6490
Facsimile: (323) 370-6800
Email: kharr@rozcolaw.com

S. BENJAMIN ROZWOOD, ESQ.
ROZWOOD & CO., APC
503 North Linden Drive
Beverly Hills, CA 90210
Telephone: (310) 246-1451
Facsimile: (310) 246-9756
Email: brozwood@rozcolaw.com

Attorney for Edward White, for himself and on behalf of
White Trust dated May 3, 2002, and Rigdon O. Dees, III

Appellants Edward White, for himself and on behalf of White Trust dated May 3, 2002, and Rigdon O. Dees, III ("Prime Fund Appellants") hereby oppose the motion of the Tremont Companies[1] (*see* ECF 4-5) for an order dismissing the above-captioned appeal and the related joinders of the Parent Companies[2] (*see* ECF 8, 12), the Settling Funds[3] (*see* ECF 6) and the Trustee[4] (*see* ECF 14).

I.  **OPPOSITION**

Prime Fund Appellants appeal from a final order of the Bankruptcy Court (*see* ECF 1) approving and adopting the settlement (the "Settlement") of the Trustee's avoidance transfer claims against the Tremont Companies, the Parent Companies and the Settling Funds in one of more than 900 avoidance actions related to the substantially consolidated liquidation of BLMIS and the Madoff estate.

---

[1] The "Tremont Companies are defendants-appellees Tremont Group Holdings, Inc. ("Tremont Group"), Tremont Partners, Inc. ("Tremont Partners") and Tremont (Bermuda) Limited ("Tremont Bermuda").

[2] The "Parent Defendants" are defendants-appellees Oppenheimer Acquisition Corporation ("Oppenheimer"), MassMutual Holding LLC ("MassMutual Holding") and Massachusetts Mutual Life Insurance Company ("MassMutual").

[3] The "Settling Funds" are the Rye Funds and the Tremont Funds. The "Rye Funds" are defendants-appellees Rye Select Broad Market Fund, L.P. ("Market Fund"), Rye Select Broad Market Portfolio Limited ("Portfolio Limited"), Rye Select Broad Market Insurance Fund, L.P. ("Rye Insurance"), Rye Select Broad Market Prime Fund, L.P. ("Prime Fund") and Rye Select Broad Market XL Fund, L.P. ("XL Fund"). The "Tremont Funds" are defendants-appellees Tremont Arbitrage Fund, L.P., Tremont Arbitrage Fund Ireland, Tremont Emerging Markets Fund - Ireland, Tremont Equity Fund - Ireland, Tremont International Insurance Fund, L.P., Tremont Long/Short Equity Fund, L.P., Tremont Market Neutral Fund, L.P., Tremont Market Neutral Fund II, L.P., Tremont Market Neutral Fund Limited, Tremont Opportunity Fund Limited, Tremont Opportunity Fund II, L.P., Tremont Opportunity Fund III, L.P., Rye Select Equities Fund, Tremont Multi Manager Fund and LifeInvest Opportunity Fund LDC.

[4] The "Trustee" is plaintiff-appellee Irving H. Picard, as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff").

Prime Fund Appellants are limited partners of Rye Select Broad Market Prime Fund, L.P. ("XL Fund"), one of the Settling Funds. Similar to the limited partners of XL Fund, the limited partners of Prime Fund will contribute $34.5 million of funds currently in Prime Fund accounts in satisfaction of the cash component of the Settlement, and Prime Fund is an obligor of the $657 million loan used being used to pay the remainder of the $1 billion settlement. Prime Fund Appellants accordingly join in the opposition of XL Fund Appellants, *see* ECF 15, and incorporate by reference those arguments in this opposition.

Appellees contend that Prime Fund Appellants lack standing because Prime Fund's SIPA claim was denied without objection. Although Prime Fund had a BLMIS account, it withdrew all of its deposits on March 26, 2008, and the next day invested $200 million in XL Fund. Because Prime Fund had no principal remaining in its account, it had no "net equity" under the Trustee's calculation.

Appellees argue that because Prime Fund did not appeal the denial of its SIPA claim, it has no standing in this appeal. But Appellees' argument misses the mark. Prime Fund's standing in this appeal is predicated on the unfair allocation of additional allowed claims under 11 U.S.C. §502(h). To the extent that Prime Fund and its investors have contributed to the $1 billion, they are entitled to an allowed claim against the BLMIS estate.

The claim that Prime Fund is not entitled to an allowed claim under §502(h) because it was a so-called "net winner" also misses the mark. In 2005, Prime Fund borrowed $300 million from Citibank, N.A. or Citibank North America, Inc.

("Citibank") and eventually deposited those funds with BLMIS. *See Picard, Trustee v. Citibank, N.A.*, S.D.N.Y. Adv. Pro. No. 10-05345, Doc. 1 (Amended Complaint), ¶¶14-15, 65.  On March 25, 2008, Prime Fund withdrew $475 million from BLMIS and immediately transferred $300 million back to Citibank in satisfaction of the loan. *See id*. ¶¶16, 84.  On December 8, 2010, the Trustee filed an adversary action against Citibank, seeking to recover the $300 million that was initially transferred from BLMIS to Prime Fund and then transferred to Citibank, *see id*. ¶¶ 174-177, and the Trustee's avoidance claim against Citibank for the $300 million transfer is expressly excluded from the Proposed Settlement.  *See* 17-1, ¶ & Ex. A at 4 ("Transfers to Citibank").  If the transfer from BLMIS through Prime Fund to Citibank is excluded from Prime Fund's "net investment" calculation—because Prime Fund was merely a conduit for the avoidable transfer to Citibank, and/or because 11 U.S.C. §550(d) precludes the Trustee from recovering twice for the transfer from BLMIS to Prime Fund, as the initial transferee, then to Citibank, as subsequent transferee—then Prime Fund is clearly *not* a "net winner"; it is a "net loser" in the amount of almost $100 million.

In any event, the initial disallowance of Prime Fund's SIPA claim is not conclusive.  Pursuant to 11 U.S.C. §502(j), a disallowed claims "may be reconsidered for cause" and may be allowed "according to the equities of the case."  Prime Fund's contributions to the $1 billion settlement in satisfaction of avoidance transfer claims against it is certainly cause for an equitable allowance under the equities of the case request reconsideration of a disallowed claim for good cause.

## II. CONCLUSION

For the foregoing reasons, Prime Fund Appellants have standing to pursue their appeal, and accordingly the Court should deny the Tremont Companies' motion to dismiss.

DATED:  November 3, 2011                Respectfully submitted,

                                        /s/  Kevin M. Harr
                                        KEVIN M. HARR

                                        Attorney for Appellants Edward White, for himself and on behalf of White Trust dated May 3, 2002, and Rigdon O. Dees, III