UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                          :
                                                                :
BERNARD L. MADOFF INVESTMENT                                    :
SECURITIES LLC,                                                 :
                                                                :
                           Debtor.                              :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IRVING H. PICARD, Trustee for the                               :
Liquidation of Bernard L. Madoff Investment                     :
Securities LLC,                                                 :
                                                                :
                           Plaintiff,                           :   11 Civ. 7330 (GBD)
                                                                :
         - against -                                            :
                                                                :
TREMONT GROUP HOLDINGS, INC., et al.,                           :
                                                                :
                           Defendants.                          :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### MOTION TO DISMISS THE APPEAL

Seth M. Schwartz
Jason C. Vigna
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants/Appellees
  Tremont Group Holdings, Inc.,
  Tremont Partners, Inc.,
  Tremont (Bermuda) Limited
  and Robert I. Schulman

Tremont respectfully submits this reply memorandum of law in further support of its motion to dismiss this Appeal.[1]

## Preliminary Statement

As Tremont demonstrated in its Moving Brief, appellants lack standing to maintain this Appeal because they have no direct interest in the property of the estate of BLMIS. In response, appellants attempt to establish the requisite "direct interest" by contending they are "assignees" of purported claims against the estate belonging to the Prime Fund and the XL Fund.[2] Even if the Funds had any such claims, which they do not, appellants' argument still would fail for at least two separate and independent reasons: (i) the appellants did not timely raise, and the bankruptcy court did not consider, this argument below; appellants therefore should not be permitted to raise it on appeal; and (ii) neither the Prime Fund nor the XL Fund has assigned anything to appellants, much less claims against the estate of BLMIS.

## ARGUMENT

### I. APPELLANTS CANNOT ASSERT ARGUMENTS ON APPEAL NOT PROPERLY RAISED BEFORE THE BANKRUPTCY COURT

The centerpiece of appellants' standing argument is their "assignment" argument, i.e., the Funds purportedly assigned to appellants the Funds' creditor claims against BLMIS.[3]

---

[1] Unless otherwise defined herein, capitalized terms have the same meanings as in the Memorandum of Law in Support of the Tremont Defendants'/Appellees' Motion To Dismiss the Appeal ("Moving Brief," Dkt. No. 5.)

[2] The full name of the XL Fund is Rye Select Broad Market XL Fund, L.P.

[3] In their opposition to Tremont's motion to dismiss, appellants also advance a number of other arguments that were not timely raised below, including the contentions that: (i) certain transfers made by the Prime Fund to Citibank should be excluded from the bankruptcy court's "net investment" calculations, thereby rendering Prime a "net loser" with an allowable customer claim against BLMIS; and (ii) the Trustee's prior disallowance of Prime's customer claim on the ground that Prime is a "net winner" may be reconsidered under Section 502(j) of the Bankruptcy Code, 11 U.S.C. § 502(j). (See Opp'n (Dkt. No. 16) at 2-3.) While these contentions are demonstrably erroneous, Tremont respectfully submits that there is

*(cont'd)*

Appellants, however, failed to timely raise this argument with the bankruptcy court before it approved the Settlement.  Rather, appellants abruptly unveiled it for the first time in a brief supplementing their prior submissions, which they electronically filed with the bankruptcy court at 3:00 a.m. on September 22, 2011, just hours before the hearing on the Trustee's motion for approval of the Settlement.  Appellants did not seek leave to make this late filing, nor did they proffer any explanation for the timing of it.  Consequently, it was a blatant violation of the requirement in Local Bankruptcy Rule 9006-1 that opposition papers be served at least "seven days before the return date," and filed at least "one day following the date of service."  At the hearing, Judge Lifland noted on the record that appellants' supplemental brief was untimely, that appellants' counsel had not appeared at the hearing to explain why the brief was late, and that the court would disregard the brief, stating:

> [Y]ou don't file responsive papers at 3:00 in the morning.  And I don't know if all of you have received copies of submissions by Phoenix Lake Partners, Lakeview Investment, Edward White and so forth served on the Court at 3:00 this morning.  And, of course, I don't open up my mail at 3:00.  And I don't know if any of you have received these papers.  But the Court will disregard them.  They're certainly in violation of the requirements for appropriate service, due process and the like.  I will ignore them on many bases.  But I just wonder where counsel think they're advocating when we deal with what amounts to sandbag pleading.  And I take offense to it.  Are any of these parties here represented?  The answer is no.

(Tr. of Sept. 22, 2011 Hearing (Dkt. No. 2, Item 19) at 27.)

Generally, "'a federal appellate court does not consider an issue not passed upon below'" unless a "'manifest injustice' will result from its failure to do so."  Whittaker v. MCI, LLC (In re WorldCom, Inc.), 07 Civ. 3408, 2007 WL 2682882, at *8 (S.D.N.Y. Sept. 14, 2007) (affirming bankruptcy court determination) (citations omitted).  In that connection, the "manifest

---

*(cont'd from previous page)*
no need to address them here because, even if correct, they do nothing to alter the conclusion that appellants lack standing to appeal.

2

injustice" exception to this rule has no application where, as here, a party fails to comply with applicable court deadlines. Robinson v. Gov't of Malaysia, 269 F.3d 133, 147 (2d Cir. 2001). Consequently, appellants' failure to timely raise their "assignment" argument before the bankruptcy court operates as a waiver of that argument, and this Court therefore should not consider it on this Appeal. See In re WorldCom, Inc., 2007 WL 2682882, at *8 ("[Appellant] has waived th[e] argument by failing to raise it adequately in the bankruptcy court."); see also Authentic Fitness Corp. v. Dobbs Temporary Help Servs., Inc. (In re Warnaco Group, Inc.), 03 Civ. 4201, 2006 WL 278152, at *6 (S.D.N.Y. Feb. 2, 2006) (an argument not properly raised in bankruptcy court "is not preserved for appeal").

## II.    APPELLANTS ARE NOT "ASSIGNEES"

Even if appellants have not waived their assignment argument, it is meritless and should be rejected. Appellants apparently have crafted the argument because they admittedly cannot establish standing based solely on their status as investors in hedge funds with exposure to BLMIS. (See Opp'n (Dkt. No. 15) at 5 (acknowledging "the rule that an objector whose interests are 'purely derivative' of a creditor has no standing to object to the creditor's settlement of its claims against the debtor's estate").) Indeed, as the Second Circuit has squarely held, where, as here, the person with a direct claim against the debtor in bankruptcy is an investment company, "[o]nly [the investment company], not individual Investors, or even Investors as a group, c[an] assert a claim against the [debtor's] estate[.]" Krys v. Official Comm. of Unsecured Creditors of Refco Inc. (In re Refco Inc.), 505 F.3d 109, 117 (2d Cir. 2007).

Faced with this controlling law, which is fatal to their position on standing, appellants contend that the Prime Fund and the XL Fund "assigned" direct claims against the BLMIS estate to appellants pursuant to a settlement agreement (the "Investor Settlement") approved by Judge Griesa in In re Tremont Securities Law, State Law and Insurance Litigation, Master File

No. 08 Civ. 11117 (S.D.N.Y.) (TPG) (the "Investor Litigation").  (See Opp'n (Dkt. No. 15) at 13-15.)  The Investor Settlement, however, contains no such assignment.

To effect an assignment, the parties must both (a) "'vest in the assignee a present right in the things assigned'" and (b) divest the assignor "'of all control over the thing assigned.'"  Miller v. Wells Fargo Bank Int'l Corp., 540 F.2d 548, 558 (2d Cir. 1976) (citations omitted).  As shown below, the Investor Settlement does not provide for the assignment alleged by appellants because it does not divest the Funds of present control over any claims against the BLMIS estate, nor does it vest such control in the appellants.

The Investor Settlement contains no provision affecting any Fund's control over any claim it has against the estate.  Rather, it governs the distribution of payments to be made by the BLMIS estate to Tremont-managed funds with allowed customer claims.  These distributions are defined in the Investor Settlement as the "Remaining Fund Proceeds."  (Investor Settlement (Dkt. No. 2, Item 14 Ex. B) ¶¶ 1.50, 2.20.)  Upon receipt of any Remaining Fund Proceeds, the Funds are required under the Investor Settlement to pay the proceeds into the Fund Distribution Account, which has been established by an escrow agent unaffiliated with any of the settling parties, and which is under the control of Judge Griesa.  (Id. ¶¶ 2.15, 2.20, 2.21.)  The Investor Settlement further provides that the Remaining Fund Proceeds in the Fund Distribution Account will be distributed to investors in various Tremont-managed funds in accordance with a Plan of Allocation to be approved by Judge Griesa.[4]  (Id. ¶¶ 2.23, 5.4, 5.5(c), 5.5(d).)  Thus, while appellants, as investors in the Funds, may eventually receive a portion of the Remaining Fund Proceeds pursuant to the Plan of Allocation, they have no control over the Remaining Fund Proceeds or the ultimate

---

[4] A final Plan of Allocation has not yet been presented to Judge Griesa for approval.  Appellants and all other interested parties will have an opportunity to be heard on provisions of the Plan before Judge Griesa approves it.

disposition of the proceeds – either before or after the Trustee makes distributions to the funds that have allowed customer claims.  The mere prospect that appellants may receive a payment "out of a particular fund," i.e., the Fund Distribution Account, "does not constitute an assignment of the fund."  Lease-A-Fleet, Inc. v. Morse Operations, Inc. (In re Lease-A-Fleet, Inc.), 141 B.R. 853, 862 (Bankr. E.D. Pa. 1992) (collecting cases); see also Miller, 540 F.2d at 558 ("[A] mere agreement to pay a debt out of a designated fund 'does not operate as a legal or equitable assignment since the assignor retains control over the subject matter.'" (citation omitted)).

In short, appellants have no direct claim against or interest in any property of the BLMIS estate.  They therefore lack standing to maintain this Appeal.

## CONCLUSION

For the reasons stated above and in the Moving Brief, Tremont respectfully submits that the appellants lack standing to appeal from the bankruptcy court's order approving the Settlement and Tremont's motion to dismiss the Appeal should be granted.

Dated: New York, New York
November 10, 2011

    Respectfully submitted,

    /s/ Seth M. Schwartz
    Seth M. Schwartz (Seth.Schwartz@Skadden.com)
    Jason C. Vigna (Jason.Vigna@Skadden.com)
    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Defendants/Appellees
      Tremont Group Holdings, Inc.,
      Tremont Partners, Inc.,
      Tremont (Bermuda) Limited
      and Robert I. Schulman