UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | Adv. Pro. No. 10-05310 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>   Defendants. | Case No. 11-cv-7330 (GBD)<br>ECF Case<br>Electronically Filed |

**PLAINTIFF/APPELLEE TRUSTEE'S JOINDER IN THE TREMONT DEFENDANTS'/APPELLEES' REPLY MEMORANDUM IN FURTHER SUPPORT OF <u>MOTION TO DISMISS THE APPEAL</u>**

Plaintiff/Appellee Irving H. Picard, as trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff, by and through his undersigned counsel, joins and incorporates by reference the Tremont Defendants'/Appellees' Reply Memorandum of Law in Further Support of Motion to Dismiss the Appeal (the "Tremont Reply") filed on November 10, 2011. (Dkt. No. 18.)

In addition, the titles of Appellants' Oppositions are a gross attempt to mislead the Court. Although titled as the responses of "Prime Fund Appellants" and "XL Fund Appellants," neither fund objected to the settlement or appealed the Bankruptcy Court's September 22, 2011 Order approving the settlement. In fact, both funds have joined the Motion to Dismiss the Appeal. (Dkt. 6.) The specious nature of Appellants' titles of their pleadings is quickly revealed by the fact that counsel filing the Oppositions list themselves as representing a small handful of investors in the XL Fund[1] and Prime Fund,[2] but not the funds themselves.

Appellants' Oppositions do nothing to refute their lack of standing to appeal the Bankruptcy Court's September 22, 2011 approving the Settlement Agreement reached between the Trustee and the various Tremont Defendants. As the Bankruptcy Court correctly held, Appellants do not—and cannot—demonstrate that they are "aggrieved parties" with the ability to delay the implementation of an approved settlement that will benefit the BLMIS estate and many

---

[1] The "XL Fund" refers to the Rye Select Broad Market XL Fund, LP, which was *not* a BLMIS customer. Rather, the XL Fund sought to provide its investors with a leveraged exposure to the economic performance of the Rye Select Broad Market Fund, LP, obtaining this return through synthetic investments through swap transactions with financial institutions.

[2] The "Prime Fund" refers to the Rye Select Broad Market Prime Fund, LP, which is a direct customer of BLMIS and a "net winner" in the Ponzi scheme (*i.e.*, the Prime Fund's withdrawals exceeded their deposits with BLMIS).

of its customers. Faced with an inability to show standing, Appellants instead resort to claiming they are "assignees" of the claims of the XL Fund and Prime Fund. As noted in the Tremont Reply, Appellants' new argument must be rejected because (1) Appellants waived this argument by failing to timely assert it below; and (2) neither the Prime Fund nor the XL Fund in fact or in law assigned any claims to Appellants. Realizing the futility of the "assignee" argument, Appellants then seek to muddy the waters by mischaracterizing provisions of the Settlement Agreement and arguing against the fairness of a class action settlement that is the subject of another case in which the Trustee is not even a party.

Simply put, Appellants are neither BLMIS customers nor aggrieved parties of the BLMIS estate who may legitimately appeal the approval of that Settlement Agreement. As Judge Lifland noted, they are "investors in Funds that are direct customers of BLMIS; at best, they are creditors of BLMIS's creditors. Therefore, as a threshold matter, the [Appellants] are 'not directly and adversely affected pecuniarily . . . because they do not hold a direct interest in the Debtor [BLMIS],' and lack standing to object to the Trustee's Motion [to approve the Settlement]." (Dkt. No. 2, Item 18 at 3 (citing *In re Refco Inc.*, No. 05 60006, 2006 WL 3409088, at *2, 6 (S.D.N.Y. Nov. 16, 2006)).) Without the standing to object to the settlement, Appellants also do not have standing to appeal because they are not "aggrieved" parties. *See In re Refco*, 2006 WL 3409088, at *4.

Appellants' appeal is nothing more than a frivolous attempt to reopen issues that more properly belong in another case. This Court should summarily dismiss this lone appeal and allow the parties to implement the settlement for the benefit of the BLMIS estate and its thousands of customers without further delay.

Dated: November 10, 2011
New York, New York

        Respectfully Submitted,

        s/ David J. Sheehan
        Baker & Hostetler LLP
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: (212) 589-4200
        Facsimile: (212) 589-4201
        David J. Sheehan
        dsheehan@bakerlaw.com
        Marc D. Powers
        mpowers@bakerlaw.com
        Eric R. Fish
        efish@bakerlaw.com

        *Attorneys for Plaintiff/Appellee*
        *Irving H. Picard, as Trustee for the*
        *Substantively Consolidated SIPA*
        *Liquidation of Bernard L. Madoff*
        *Investment Securities LLC and the Estate of*
        *Bernard L. Madoff*

Of Counsel

Thomas L. Long
Baker & Hostetler LLP
65 East State Street
Columbus, Ohio 43215
Telephone (614) 228-1541
Facsimile (614) 462-2616