UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                       :
                                                             :
BERNARD L. MADOFF INVESTMENT                                 :
SECURITIES LLC,                                              :
                                                             :
                                        Debtor.              :   11-cv-7330 (GBD) (AJP)
------------------------------------------------------------ x   ECF Case
IRVING H. PICARD, Trustee for the                            :   Electronically Filed
Liquidation of Bernard L. Madoff Investment                  :
Securities LLC,                                              :
                                                             :
                                        Plaintiff,           :
                                                             :
        - against -                                          :
                                                             :
                                                             :
TREMONT GROUP HOLDINGS, INC., et al.,                        :
                                                             :
                                        Defendants.:
------------------------------------------------------------ x

**BRIEF FOR DEFENDANT/APPELLEE OPPENHEIMER ACQUISITION CORP.**

William K. Dodds
David A. Kotler
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Tel.: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Defendant/Appellee*
*Oppenheimer Acquisition Corp.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

BASIS OF APPELLATE JURISDICTION ................................................................................ 1

ISSUES PRESENTED FOR REVIEW ...................................................................................... 1

STANDARD OF REVIEW ......................................................................................................... 2

STATEMENT OF THE CASE .................................................................................................... 3

SUMMARY OF ARGUMENT ................................................................................................... 4

ARGUMENT ............................................................................................................................... 5

    I.     APPELLANTS LACK STANDING TO CHALLENGE THE
           SETTLEMENT ............................................................................................... 5

         A.     The Bankruptcy Court Properly Held That Appellants Did Not
               Timely Assert Their "Assignment" Argument ........................................... 6

         B.     In Any Event, Appellants Lack Standing To Object To The
               Settlement Under Their "Assignment" Theory .......................................... 7

    II.    OAC'S (OR ANY OTHER DEFENDANT'S) RELATIVE MONETARY
          CONTRIBUTION IS NOT A BASIS TO OVERTURN THE
          SETTLEMENT ............................................................................................... 8

CONCLUSION ............................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**CASES**

*Becker v. Warner Commc'ns* (*In re Warner Commc'ns Sec. Litig.*),
   798 F.2d 35 (2d Cir. 1986)..........................................................................................9

*Buck v. Cleary*,
   345 F.App'x 660 (2d Cir. 2009) ..................................................................................2

*Cosoff v. Rodman* (*In re W.T. Grant Co.*),
   699 F.2d 599 (2d Cir. 1983)...............................................................................2, 5, 8

*Duban v. Diversified Mortgage Investors*,
   87 F.R.D. 33 (S.D.N.Y. 1980) ....................................................................................9

*In re NASDAQ Market-Makers Antitrust Litig.*,
   184 F.R.D. 506 (S.D.N.Y. 1999) ................................................................................9

*In re Purofield Down Prods. Corp.*,
   150 B.R. 519 (S.D.N.Y. 1993).....................................................................................2

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
   412 F.3d 418 (2d Cir. 2005)........................................................................................8

*Krys v. Official Comm. of Unsecured Creditors of Refco Inc.* (*In re Refco Inc.*),
   505 F.3d 109 (2d Cir. 2007).....................................................................................2, 8

*Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors of Refco Inc.* (*In re Refco Inc.*),
   No. 06 Civ. 5596, 2006 WL 3409088 (S.D.N.Y. Nov. 16, 2006),
   *aff'd*, 505 F.3d 109 (2d Cir. 2007) .........................................................................5, 6

*Miller v. Wells Fargo Bank Int'l*,
   540 F.2d 548 (2d Cir. 1976).........................................................................................7

*O'Rourke v. United States*,
   587 F.3d 537 (2d Cir. 2009).........................................................................................8

*Resolution Trust Corp. v. Official Comm. Of Unsecured Creditors of Frost Bros.* (*In re Frost Bros.*),
   91 Civ. 5244, 1992 WL 373488 (S.D.N.Y. Dec. 2, 1992)..........................................2

*Whittaker v. MCI, LLC* (*In re WorldCom, Inc.*),
   No. 07 Civ. 3408, 2007 WL 2682882 (S.D.N.Y. Sept. 14, 2007) ..............................7

**STATUTES**

28 U.S.C. § 158(a)(1)..........................................................................................................1

Defendant/Appellee Oppenheimer Acquisition Corp. ("OAC") respectfully submits this opposition to this appeal (the "Appeal")[1] from the Minute Order and Bench Memorandum and Order Granting Trustee's Motion for Entry of Order Approving Agreement (together, the "Final Order") (Dkt No. 1-1), entered September 22, 2011, in *Picard v. Tremont Group Holdings, Inc.*, Adv. Pro. No. 10-05310 (the "Adversary Proceeding"), in the United States Bankruptcy Court for the Southern District of New York (Hon. Burton L. Lifland) (the "Bankruptcy Court") approving the Trustee's[2] settlement (the "Settlement") with a number of defendants in the Adversary Proceeding (the "Settling Defendants").[3]

## BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction to hear an appeal from the Final Order pursuant to 28 U.S.C. § 158(a)(1). As demonstrated below, however, Appellants lack the requisite standing to invoke this Court's jurisdiction.

## ISSUES PRESENTED FOR REVIEW

The issues on this Appeal are:

(i) May this Court review the Bankruptcy Court's ruling that Appellants lacked standing to object to the Settlement where Appellants challenge neither the legal standard applied by the Bankruptcy Court nor its application of those principles?

---

[1] The Appeal was filed by the following hedge fund investors in the Rye Select Broad Market Prime Fund, L.P. ("Prime Fund") and/or Rye Select Broad Market XL Fund, L.P. ("XL Fund"): Phoenix Lake Partners, L.P., Lakeview Investment, LP, 2005 Tomchin Family Charitable Trust, Edward White, for himself and on behalf of White Trust dated May 3, 2002, and Rigdon O. Dees, III (together, "Appellants").

[2] Plaintiff/Appellee Irving H. Picard (the "Trustee") is the trustee for the liquidation of the Bernard L. Madoff Investment Securities LLC ("BLMIS") estate under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*

[3] In the interests of efficiency, OAC hereby relies on and incorporates the arguments set forth in the Brief of the Tremont Defendants/Appellees, the Brief of Defendants-Appellees Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC, and in the Brief of Appellee Trustee Irving H. Picard in Opposition to Appellants' Opening Brief.

(ii)  If this Court may consider Appellants' untimely standing argument, do Appellants have standing to challenge the Settlement?

(iii)  Does the Bankruptcy Court's finding that the Settlement was equitable, fair and reasonable regardless of the relative monetary contributions of the Settling Defendants constitute manifest error and an abuse of discretion?

## STANDARD OF REVIEW

In reviewing a settlement approved by a bankruptcy court, the reviewing court is required only to "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983).  Thus, the Bankruptcy Court's approval of the Settlement "should not be overturned unless its decision is manifestly erroneous and 'a clear abuse of discretion.'"  *In re Purofield Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).  A bankruptcy court will have abused its discretion if "no 'reasonable [person] could agree with the decision'" to approve the settlement.  *Resolution Trust Corp. v. Official Comm. Of Unsecured Creditors of Frost Bros.* (*In re Frost Bros.*), 91 Civ. 5244, 1992 WL 373488, at *4 (S.D.N.Y. Dec. 2, 1992).

Appellants' standing challenge is governed by two standards.  First, the Bankruptcy Court's application of its own local rules, i.e., its determination that Appellants' eleventh hour "assignment" argument was not properly raised, is accorded "considerable deference" and only may be overturned for an abuse of discretion.  *See Buck v. Cleary*, 345 F.App'x 660, 662 (2d Cir. 2009).  Second, to the extent that Appellants argue that the Bankruptcy Court erred in its legal conclusion that Appellants lacked standing, that determination is reviewed de novo.  *See Krys v. Official Comm. of Unsecured Creditors of Refco Inc.* (*In re Refco Inc.*), 505 F.3d 109, 116 (2d Cir. 2007).

## STATEMENT OF THE CASE

The Trustee initiated the Adversary Proceeding on December 7, 2010, to recover approximately $2.1 billion from the Settling Defendants on behalf of the BLMIS estate.  Dkt No. 2, Item 1.  The claims asserted against OAC -- a parent holding company -- sought to pierce two different corporate veils to hold OAC liable for avoidable transfers that the Tremont investment adviser entity, Tremont Partners, Inc., purportedly received.  Following several months of negotiations, the parties reached a settlement that will return over $1 billion to the BLMIS estate and, as acknowledged by the Trustee, "will greatly benefit the victims of the Madoff Ponzi scheme."  Dkt. No. 2, Item 7 at 5.

Appellants, as investors in the Prime Fund and/or XL Fund, are not parties to the Settlement.  Nor are they parties to the Adversary Proceeding.  In fact, Appellants are not even customers or creditors of the BLMIS estate.  The Trustee previously determined that the XL Fund had no allowable customer claims because it did not invest with BLMIS.  Dkt. 2, Item 12 at 10.  The Trustee also determined that the Prime Fund, as a "net winner," i.e., it withdrew more from BLMIS than it had invested, had no allowable customer claims.  *Id.* at 5.  Notwithstanding their, at best, tangential relationship to the Adversary Proceeding, Appellants objected to the Settlement arguing it was unfair because they were not entitled to any of the Settlement funds.  Dkt No. 2, Item 10 at 13-15.

The Bankruptcy Court held that the Settlement represented "a complete, good faith compromise of the Trustee's claims, is above the lowest rung of reasonableness, and in fact offers significant value to the BLMIS estate for the distribution to victims of the Madoff Ponzi scheme."  Dkt. No. 2, Item 18 at 2.  In therefore approving the Settlement, the Bankruptcy Court held that Appellants "at best, [] are creditors of BLMIS's creditors.  Therefore, as a threshold matter, the [Appellants] are 'not directly and adversely affected pecuniarily . . . because they do

not hold a direct interest in [BLMIS],' and lack standing to object to the Trustee's Motion [to approve the Settlement]." *Id.* at 3. The Bankruptcy Court also rejected as untimely a new standing argument (i.e., their "assignment" theory) that Appellants first surfaced at 3:00 a.m. on the day of the approval hearing (Dkt. No. 2, Item 16). Tr. of Sept. 22, 2011 Hearing, Dkt. No. 2, Item 19, at 27. The Bankruptcy Court disregarded Appellants' belated filing, stating on the record:

> [Y]ou don't file responsive papers at 3:00 in the morning. And I don't know if all of you have received copies of submissions by Phoenix Lake Partners, Lakeview Investment, Edward White and so forth served on the Court at 3:00 this morning. And, of course, I don't open up my mail at 3:00. And I don't know if any of you have received these papers. But the Court will disregard them. They're certainly in violation of the requirements for appropriate service, due process and the like. I will ignore them on many bases. But I just wonder where counsel think they're advocating when we deal with what amounts to sandbag pleading." *Id.*

The Bankruptcy Court also found Appellants' argument that certain parties were unfairly being released without contributing to the Settlement "misplaced" and "merely an inter-defendant dispute regarding the Settling Defendants' division of responsibility for the settlement payments," and "no reason for disapproving the compromise." Dkt. No. 2, Item 18 at 6-7.

Appellants timely filed a notice of appeal. Dkt. No. 2, Item 20. A motion to dismiss Appellants' Appeal for lack of standing currently is pending before this Court. Dkt. No. 4.

## SUMMARY OF ARGUMENT

Appellants are not creditors of the BLMIS estate, yet they ask this Court to overturn the more than $1 billion Settlement that undeniably provides enormous benefits to hundreds of Madoff victims. The thrust of Appellants' argument is *not* that the Settlement fails to provide extraordinary benefits to the BLMIS estate or Madoff's victims, but rather that these particular Appellants hoped for a bigger slice of the settlement pie. This Court should reject Appellants'

self-serving attempt to overturn the Settlement for any one of several fundamental and settled reasons.

First, as a threshold matter, Appellants lack standing to object to the Settlement. Appellants are not creditors of the BLMIS estate. Even the hedge funds in which Appellants invested -- the XL Fund and the Prime Fund -- are not creditors of the BLMIS estate, as the XL Fund was not a BLMIS investor and the Prime Fund was a "net winner" in that it profited from Madoff's scheme by withdrawing more than it invested. Appellants thus do not even attempt to argue that the Bankruptcy Court applied the incorrect standing principles or erred in applying those legal standards. Instead, Appellants now seek to advance a baseless "assignment" theory of standing that is neither properly before this Court nor capable of providing Appellants with a legal basis to challenge the Settlement.

Second, Appellants' passing suggestion that the Settlement should be overturned because it does not "appear" that certain defendants are "contributing any money to fund the [S]ettlement"[4] provides no legal basis for this Court to set aside the Final Order where, as here, the total amount of settlement consideration, regardless of its source among the defendants, does not "fall[] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d at 608.

**ARGUMENT**

I.     **APPELLANTS LACK STANDING TO CHALLENGE THE SETTLEMENT**

To have standing to object to the Settlement, Appellants must be "directly and adversely affected pecuniarily" by the challenged ruling. Dkt. No. 2, Item 18 at 3 (*quoting Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors of Refco Inc.* (*In re Refco Inc.*), No. 06 Civ. 5596, 2006 WL 3409088, at *4 (S.D.N.Y. Nov. 16, 2006), *aff'd*, 505 F.3d 109 (2d Cir.

---

[4]     Appellants' Opening Brief ("App. Br.") at 8.

2007)).  Appellants did not invest in BLMIS, and therefore have no direct claim against or interest in the BLMIS estate.  Thus, as the Bankruptcy Court correctly found, "at best, [Appellants] are creditors of BLMIS's creditors," such that "as a threshold matter, [Appellants] are 'not directly and adversely affected pecuniarily . . . because they do not hold a direct interest in [BLMIS],' and lack standing to object to the [Settlement]."  *Id.*; *accord In re Refco Inc.*, 2006 WL 3409088, at *4-5 (investors in fund that settled with debtor lack standing to appeal settlement).

Appellants ignore these governing standing principles, and do not contend that the Bankruptcy Court erred in applying them.  Instead, Appellants now attempt to circumvent these requirements by arguing that the civil class action and derivative settlement approved by Judge Griesa in *In re Tremont Securities Law, State Law and Insurance Litigation*, Master File No. 08 Civ. 11117 (S.D.N.Y.) (TPG) ("the SDNY Settlement") somehow "assigns" to Appellants "(i) all assets currently held in XL Fund and Prime Fund accounts, respectively and (ii) all rights that XL Fund and Prime Fund, respectively, may have to receive any distributions from the BLMIS estate."  App. Br. at 11.  Appellants' so-called "assignment" theory of standing fails because:  (1) Appellants waived this argument by failing to timely raise it below; and (2) Appellants are not "assignees" under the SDNY Settlement under any conceivable view of the law.

### A. The Bankruptcy Court Properly Held That Appellants Did Not Timely Assert Their "Assignment" Argument

Appellants' Bankruptcy Court objections failed to raise their "assignment" argument.  Dkt. No. 2, Item 10.  Instead, Appellants raised the argument for the first time in a 3:00 a.m. filing the day of the approval hearing that the Bankruptcy Court characterized as a "sandbag pleading" and properly disregarded for violating Local Bankruptcy Rule 9006-1.  Dkt. No. 2, Item 19, at 27.  Appellants do not dispute that the Bankruptcy Court correctly applied its local rules in disregarding their belated arguments.  *Id.*  Appellants thus are barred from raising their

"assignment" theory of standing for the first time here.  *See Whittaker v. MCI, LLC* (*In re WorldCom, Inc.*), No. 07 Civ. 3408, 2007 WL 2682882, at *8 (S.D.N.Y. Sept. 14, 2007) (finding appellant waived argument where it was not raised in bankruptcy court).

### B. In Any Event, Appellants Lack Standing To Object To The Settlement Under Their "Assignment" Theory

Appellants' "assignment" theory, even if somehow properly before this Court, lacks any logical, legal or factual merit.  It is settled law that a valid assignment both must "show an intention of transferring [a right] to the assignee," and must be "intended to vest in the assignee a present right in the things assigned" such that "the assignor is divested of all control over the thing assigned."  *Miller v. Wells Fargo Bank Int'l*, 540 F.2d 548, 557-58 (2d Cir. 1976).  Appellants do not (because they cannot) cite any provision of the SDNY Settlement that divests either the XL or Prime Funds of any right or controls.  Rather, pursuant to the SDNY Settlement, remaining fund assets and assets recovered from the BLMIS estate will be deposited in an escrow account (the "Fund Distribution Account") to be distributed to limited partners and shareholders according to a plan of allocation to be approved by Judge Griesa.  Dkt. No. 2, Item 14 Ex. B ¶¶ 1.50, 1.61, 2.20, 2.21, 2.23.  Appellants equate their potential right -- as limited partners -- to receive a portion of the Fund Distribution Account under Judge Griesa's yet to be determined plan of allocation to a legally-binding assignment.  The SDNY Settlement, however, does not vest Appellants with any control over, or any right to receive, those proceeds, much less a right to pursue any claims or residual rights the XL Fund and Prime Fund may have.  Appellants do not cite any authority to support their concocted theory that a class action settlement creates a legally-binding assignment on which they may overturn a bankruptcy settlement -- because none exists.[5]

---

[5]  The illogic of Appellants' "assignment" argument is revealed when it is considered in conjunction with their appeal from the order approving the SDNY Settlement (SDNY Settlement Dkt.

## II. OAC'S (OR ANY OTHER DEFENDANT'S) RELATIVE MONETARY CONTRIBUTION IS NOT A BASIS TO OVERTURN THE SETTLEMENT

A bankruptcy court (and thus a reviewing court) only evaluates the fairness and reasonableness of a proposed settlement from the view of the debtor's estate. *See*, *e.g.*, *In re Refco Inc.*, 505 F.3d at 119. The Final Order may be reversed only if this Court finds that the more than $1 billion paid to the BLMIS estate for the benefit of Madoff victims "fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d at 608. Appellants do not even attempt to meet this standard. Nor could they plausibly challenge the reasonableness of the Settlement as the Trustee provided ample bases for the Settlement, (Dkt. No. 2, Item 7), and the Bankruptcy Court considered all of the relevant factors in determining that the Settlement "is above the lowest rung of reasonableness, and in fact offers significant value to the BLMIS estate for the distribution to victims of the Madoff Ponzi scheme." *Id.*, Item 18 at 2.

Appellants instead attempt to change the relevant inquiry on appeal by suggesting[6] -- without any legal support -- that the Bankruptcy Court erred in finding the Settlement fair and equitable because certain parties, including OAC, "do not appear to be contributing any money to fund the settlement."[7] App. Br. at 8. This is a classic red-herring argument. As a matter of

---

No. 615). Appellants' position before this Court is that the SDNY Settlement is the sole basis of their standing to raise this Appeal. However, if their SDNY appeal somehow were successful and that settlement was overturned, Appellants would be stripped of their claimed basis of standing here. This is simply not the stuff of a legally enforceable assignment.

[6] Appellants' failure to properly raise this argument by developing it in the Argument section of their brief constitutes a waiver, and this Court should decline to consider it on appeal. *See O'Rourke v. United States*, 587 F.3d 537, 542 (2d Cir. 2009) (argument "not adequately raised in [appellants'] opening brief" is waived); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

[7] Appellants also disregard the attenuated nature of the claims against OAC, ignoring that OAC's liability arose solely from its status as the parent holding company of Tremont Group Holdings, Inc. Compl. Dkt. No. 2, Item 1 at ¶¶ 111-36. Moreover, of the more than $2 billion that the Trustee sought to

law, "the court is not required to supervise how the defendants apportion liability for that [settlement] compensation among themselves." *Becker v. Warner Commc'ns* (*In re Warner Commc'ns Sec. Litig.*), 798 F.2d 35, 37 (2d Cir. 1986); *see In re NASDAQ Market-Makers Antitrust Litig.*, 184 F.R.D. 506, 512 (S.D.N.Y. 1999) ("The adequacy of the settlement does not depend upon the allocation of that amount among the Defendants."). Moreover, "the release of noncontributing defendants through a settlement agreement is no reason for disapproving the compromise." *Duban v. Diversified Mortgage Investors*, 87 F.R.D. 33, 40 (S.D.N.Y. 1980). As such, this Court should reject Appellants' argument.

## CONCLUSION

For the foregoing reasons, the Final Order approving the Settlement should be affirmed in all respects.

Dated:  New York, New York
        November 21, 2011

/s/ William K. Dodds
William K. Dodds
william.dodds@dechert.com
David A. Kotler
david.kotler@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Tel.: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Defendant/Appellee Oppenheimer Acquisition Corp.*

14269808

---

recover in the Adversary Proceeding, OAC was alleged only to have received a single $10 million dividend, which was not even shown to have originated with Madoff or his investors. *Id.* ¶ 130.