UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
In re:                                :
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
                                      :
                Debtor.               :
                                      :
                                      :
                                      :
------------------------------------- x
                                      :
                                      :
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
                                      :   MEMORANDUM DECISION & ORDER
                Plaintiff,            :
                                      :   11 CV 7330 (GBD)
        -against-                     :
                                      :
                                      :
TREMONT GROUP HOLDINGS, INC., et al., :
                                      :
                Defendants.           :
                                      x
-------------------------------------

GEORGE B. DANIELS, United States District Judge:

    Appellant investors bring this action challenging the order of the bankruptcy court, Judge Burton R. Lifland, approving settlement in the underlying bankruptcy proceeding. This bankruptcy appeal stems from the pending liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS")—the bankruptcy proceeding of the well known Madoff ponzi scheme. Various hedge funds filed proofs of claim to recover over $2 billion in alleged net losses from BLMIS. Subsequently, Irving Picard, the trustee overseeing the BLMIS liquidation,

1

sought to recover over $2 billion in cash allegedly transferred from BLMIS to the hedge funds. The parties to the adversary proceeding reached a settlement agreement (the "Settlement"). Under the agreement, certain of the hedge funds will pay $1 billion to the BLMIS estate, and, in exchange, the BLMIS trustee and the bankruptcy court will allow three of the hedge funds' customer claims to go forward against the BLMIS estate.

Appellants[1] objected to the Settlement, and now press their objections on appeal. At bankruptcy court, Judge Lifland overruled appellant's objections, and held that appellants lacked standing to challenge the Settlement. Specifically, Judge Lifland held that as investors in funds that were invested in BLMIS, appellants are not customers or creditors of BLMIS, and are therefore not directly affected by the Settlement. Tremont defendants/appellees now move to dismiss the appeal. The motion to dismiss is GRANTED.[2]

## Appellants Lack Standing

"Party in interest standing is a necessary precondition for there to be appellate standing[.]" *In re Refco Inc.*, 505 F.3d 109, 120 (2d Cir. 2007). Under Section 1109(b) of the Bankruptcy Code, a "party in interest" is "the debtor, trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b). If the appellant is a party in interest to the bankruptcy proceeding, the Second Circuit applies the more exacting "aggrieved person" standard to determine whether the appellant has standing to challenge a ruling of the bankruptcy court. *See In re Ashford Hotels,*

---

[1] Appellants Phoenix Lake Partners, Inc., Lakeview Investment, LP, and 2005 Tomchin Family Charitable Trust are investors in the Rye Select Broad Market XL Fund (the "XL Fund"). The XL Fund is an indirect investor in BLMIS alleged to have received subsequent transfers. Appellants Edward White (for himself and on behalf of White Trust dated May 3, 2002), and Rigdon O. Dees, III, L.P. are investors in the Rye Select Broad Market Prime Fund, L.P. (the "Prime Fund"). The Prime Fund is a direct BLMIS customer. The XL Fund and the Prime Fund are both funds participating in the Settlement.

[2] Appellants raise a number of objections to the Settlement in their opposition papers. Because appellants lack standing to challenge the settlement or appeal from the decision of the bankruptcy court, this Court will not address those specific objections.

2

*Ltd.*, 235 B.R. 734, 738 (S.D.N.Y. 1999). An aggrieved person is "a person 'directly and adversely affected pecuniarily' by the challenged ruling of the bankruptcy court." *Licensing by Paolo, Inc. v. Sinatra (In re Gucci),* 126 F.3d 380, 388 (2d Cir.1997) (citing *Kabro Associates v. Colony Hill Associates ( In re Colony Hill Associates)*, 111 F.3d 269, 273 (2d Cir.1997)). The Second Circuit has recognized the compelling interest in limiting standing in bankruptcy appeals to avoid becoming "mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order." *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2d Cir.1988)).

Appellants contend they have standing because they are "assignees" of Prime Fund's and XL Fund's direct claims against BLMIS[3]. Appellants base this argument on a separate settlement agreement (the "Investor Settlement"), which was approved by Judge Thomas P. Griesa in *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08 Civ. 11117 (S.D.N.Y.) (TPG). The Investor Settlement, however, does not assign to appellants any direct claims against BLMIS. Rather, the Investor Settlement allows for certain Tremont-managed funds with allowed customer claims to recover "Remaining Fund Proceeds" from the BLMIS estate. The Remaining Fund Proceeds are paid by the collecting funds into a "Fund Distribution Account" established by an escrow agent.

The Fund Distribution Account remains under the control of Judge Griesa. Payments are then distributed to investors in accordance with a Plan of Allocation to be approved by Judge Griesa. Under this framework, appellants may ultimately recover leftover funds, but do not have control over the funds in the Fund Distribution Account or the manner in which the funds will be distributed. Appellants therefore have not been assigned any direct claim against BLMIS. *See*

---

[3] It should be noted that appellants failed to timely raise this argument before the bankruptcy court. Additionally, appellants failed to appear at both the hearing for the Trustee's motion for approval of the Settlement at bankruptcy court and the scheduled oral argument on this motion before this Court.

*Miller v. Wells Fargo Bank Int'l Corp*, 540 F.2d 548, 558 (2d Cir. 1976) (citation omitted) ("An assignment at law contemplates a completed transfer of the entire interest of the assignor in the particular subject of assignment, whereby the assignor is divested of all control over the thing assigned."). Appellants do not have standing to challenge the fund settlement based on their limited prospect of recovering funds under the Investment Settlement.

Appellants lack standing to appeal the bankruptcy court's approval of the Settlement because they are not parties in interest to the adversary proceeding. As Judge Lifland explained in a bench memorandum approving the Settlement, appellants are neither "a customer or creditor of BLMIS, but are investors in Funds that are direct customers of BLMIS; at best, they are creditors of BLMIS's creditors." *Picard v. Tremont Group Holdings, Inc.*, Avd. Pro. No. 10-05310 (Bankr. S.D.N.Y. Sept. 22, 2011), at 3. As investors in funds that invested into BLMIS, appellants "do not hold a direct interest in the Debtor, [BLMIS]." *Id.* Accordingly, appellants cannot be parties in interest to the adversary proceeding, and are not "directly and adversely affected pecuniarily" by the bankruptcy court's approval of the settlement. *In re Refco*, No. 05-60006, 2006 WL 3409088, at *4 (S.D.N.Y Nov. 16, 2006). Appellants therefore do not have standing to challenge the settlement or bring this appeal.

## Conclusion

Tremont defendants/ appellees' motion to dismiss the appeal is GRANTED.

Dated: New York, New York
       June 27, 2012

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge